IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHAN KING and )
TYRECE EDWARDS, )
　　　　　　　　　　　　　　)
　　　　Plaintiffs, )
　　　　　　　　　　　　　　)
　　v. ) Case No. 16-4142-DDC
　　　　　　　　　　　　　　)
THE RIB CRIB BBQ, INC., )
　　　　　　　　　　　　　　)
　　　　Defendant. )

# ORDER

This matter comes before the court upon plaintiffs' Motion to Amend (ECF No. 48). Plaintiffs seek to amend their complaint to include a claim under 42 U.S.C. § 1981. For the following reasons, plaintiffs' motion is denied.

I.

On August 26, 2016, plaintiffs filed this action. In their complaint, plaintiffs alleged claims of discrimination based on race, and retaliation, pursuant to Title VII of the Civil Rights Act. During the Scheduling Conference held on December 14, 2016, the court did not establish a deadline for motions to amend because the parties advised the court that they did not anticipate filing such motions. The deadline for the completion of discovery was August 1, 2017. During the Pretrial Conference on August 30, 2017, plaintiffs' counsel indicated that he wanted to amend the complaint to add a claim under 42 U.S.C. § 1981. The court allowed plaintiff seven days to file his motion. The motion has since been filed and defendant has responded.

In their motion, plaintiffs contend that the amendment should be allowed because defendant will suffer no prejudice. Defendant argues in response that plaintiffs' motion should be denied due to the delay in raising this claim. Defendant notes that plaintiffs have failed to

indicate why they seek to add additional claims under § 1981 and why they did not seek to include these claims at an earlier time in these proceedings. Defendant further contends that it will suffer some prejudice because it has evaluated plaintiffs' claims based solely on their alleged violations of Title VII.

II.

The court should grant motions to amend under Fed.R.Civ.P. 15(a)(2) when justice so requires, and this decision is within the sound discretion of the court.[1] The Supreme Court has further elucidated the appropriate circumstances for granting leave to amend.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'[2]

The Tenth Circuit has held that "untimeliness alone is a sufficient reason to deny leave to amend."[3] This is especially the case where the party seeking amendment gives "no adequate explanation for the delay" or where the party "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint."[4]

III.

The court is persuaded that plaintiffs' motion is untimely and should not be allowed. Plaintiffs have failed to provide any explanation for the delay. Moreover, plaintiffs could have

---

[1] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006).

[2] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[3] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

[4] *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984).

asserted these claims at any time, including in the original complaint. Under these circumstances, plaintiffs' motion to amend is denied as untimely.

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Amend (ECF No. 48) is denied.

**IT IS SO ORDERED.**

Dated this 11th day of September, 2017, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge