# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| JONATHAN KING and | ) | |
| TYRECE EDWARDS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 16-4142-DDC |
| | ) | |
| THE RIB CRIB BBQ, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This matter comes before the court upon defendant's Motion for Leave to Designate Expert Witness (ECF No. 51). Defendant seeks to designate an expert witness on the issue of whether plaintiffs altered a document produced during discovery. For the reasons stated below, the court denies this motion.

## I.

This employment discrimination action was filed on August 26, 2016. On December 7, 2016, defendant made its initial disclosures to plaintiff pursuant to Fed. R. Civ. P. 26(a)(1). Included in these disclosures was plaintiff Jonathan King's employment application dated and electronically signed by Mr. King on July 8, 2015. On or about April 12, 2017, defendant obtained criminal history information about plaintiffs. Specifically, defendant discovered that plaintiff King had been convicted of several offenses during the period from 1998 to 2015.

On June 1, 2017, counsel for plaintiffs sent counsel for defendant an email attaching a document which plaintiff King indicated was a copy of his employment application, which was allegedly printed off at the time the application was made. The document differed from the employment application produced by defendant in its initial disclosures in that the question about

criminal history was limited to a ten-year window in the version produced by plaintiff King. Otherwise, the documents appeared to be identical.

At his deposition on June 26, 2017, plaintiff King testified consistent with the explanation provided by his counsel in the June 1, 2017 email, i.e., the employment application he produced was the one he filled out when he was hired and that the application was printed off, placed in his employee handbook, and given to him after it was made.

Counsel for defendant eventually came to the belief that plaintiff King, or someone on his behalf, had altered the original employment application. On August 7, 2017, plaintiff King responded to a Request for Admission submitted to him by defendant, wherein he denied altering or causing the alteration of the application. On or about August 23, 2017, defendant retained the services of Meredith Miller, M.F.S. Ms. Miller is a forensic scientist specializing in reviewing documents and offering opinions as to their authenticity. Ms. Miller has submitted a report opining that the employment application produced by plaintiff King is an alteration of the employment application produced by defendant.

The deadline for defendant to disclose any expert witnesses was May 1, 2017. The deadline for the completion of discovery was August 1, 2017. Although defendant mentioned the possibility of filing such a motion during the Pretrial Order conference on August 30, 2017, defendant did not file the instant motion until September 12, 2017.

II.

Plaintiffs initially contend this motion is untimely. They point out that the motion was not filed until over three months after the document was provided to defendant. They also contend that the expert report would not be helpful to any determination of any issue in the case. They argue that the proposed expert opinion would not assist the trier of fact because it merely

2

points out the obvious, i.e., that the document produced by plaintiff King is different than the one produced by the defendant.

III.

A party must make its expert disclosures on or before the dates set forth by the court's orders.[1] The court's scheduling orders can only be modified for good cause.[2]

The disputed document was produced by plaintiffs on June 1, 2017. As correctly pointed out by defendant, this was after the deadline for the designation of expert witnesses. However, defendant waited for over three months to file the instant motion. The court is not persuaded that defendant has shown good cause for this delay. Defendant waited over two months to retain an expert and made no effort during that time period to seek an extension of the expert witness designation deadline. Under these circumstances, the court finds that defendant's motion is untimely.

Accordingly,

**IT IS THEREFORE ORDERED** that defendant's Motion for Leave to Designate Expert Witness (ECF No. 51) is hereby denied.

**IT IS SO ORDERED.**

Dated this 10th day of October, 2017, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge

---

[1] Fed. R. Civ. P. 26(a)(2)(D).

[2] Fed. R. Civ. P. 16(b)(4).