IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JONATHAN KING and TYRECE EDWARDS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 16-4142-DDC |
| THE RIB CRIB BBQ, INC., | ) ) | |
| Defendant. | ) ) | |

**ORDER**

This matter comes before the court upon defendant's Motion to Amend Pretrial Order (ECF No. 52). Defendant seeks to amend Stipulated Fact No. 6. For the following reasons, the court grants this motion.

I.

On or about August 18, 2017, counsel for defendant drafted the initial Pretrial Order ("PTO") and sent it to plaintiff's counsel. The original version of the PTO contained Stipulated Fact No. 6, which read "Plaintiff King's employment was terminated on January 13, 2016 when he refused to sign a disciplinary notice and walked out on his shift". On or about August 22, 2017, counsel for plaintiffs sent a revised version of the PTO to counsel for defendant, in which Stipulated Fact No. 6 read "Plaintiff King's employment was terminated on January 13, 2016 when he refused to sign a disputed disciplinary notice." In addition to adding that the disciplinary notice was disputed, counsel for plaintiffs deleted defendant's contention that plaintiff King walked out on his scheduled shift. Counsel for defendant indicates in the instant motion that he inadvertently accepted the change and the proposed PTO was submitted to the court on August 23, 2017.

Defendant seeks to amend the PTO because it conflicts with the discovery produced in the case and the contentions made by the defendant from the outset. Defendant argues that the stipulation as presently written does not accurately reflect the parties' contentions. Defendant requests that Stipulated Fact No. 6 in the PTO be modified so that it reads "Plaintiff King's employment was terminated on January 13, 2016" and that the remainder of the sentence be deleted. Plaintiffs object to any amendment of the PTO. Plaintiffs argue that the stipulation was previously considered by the parties and defendant should not be allowed to "retreat" from it because "it has decided that the stipulation maybe less favorable than originally thought."

## II.

The PTO "controls the course of the action unless the court modifies it."[1] A PTO may be modified "only to prevent manifest injustice."[2] A party seeking to amend the PTO has the burden to demonstrate that manifest injustice would otherwise occur.[3] The court exercises discretion in deciding whether to modify the pretrial order.[4] In so doing, the court considers the following factors: (1) disruption to the orderly and efficient trial of the case by inclusion of the new issue; (2) prejudice or surprise to the party opposing trial of the issue; (3) ability of the party to cure any prejudice; and (4) bad faith by the party seeking to modify the order.[5]

---

[1] Fed. R. Civ. P. 16(d)

[2] *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir.2002) (quoting Fed.R.Civ.P. 16(e)).

[3] See *id*. at 1208.

[4] See *id*.; *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir.2000).

[5] See *Koch*, 203 F.3d at 1222 (citation omitted).

III.

The court is persuaded that defendant's motion should be granted and the PTO should be modified. The court believes that the mistake made by defendant's counsel should be corrected to avoid manifest injustice. The stipulation that was included in the PTO did not reflect the discovery produced in this case or the contentions of the parties. The court does not find that plaintiffs will be prejudiced by this amendment. Accordingly, Stipulation No. 6 shall be modified to read as follows: Plaintiff King's employment was terminated on January 13, 2016.

The court, sua sponte, also intends to modify the PTO in two other ways. First, at the time of the Pretrial Conference, the court and the parties discussed the possibility of additional mediation in this case. As a result, the court indicated that the deadline for filing dispositive motions was set at thirty (30) days after the completion of mediation. However, based upon recent events, the court believes that additional mediation would not be beneficial. If the parties later conclude that mediation might be helpful in resolving this action, they can contact the court and the court will consider the request again at that time. Thus, the deadline for filing dispositive motions is set at November 3, 2017. Second, the court learned after the entry of the PTO that the date for trial was incorrect. The PTO is amended to reflect the correct trial date as May 15, 2018.

Accordingly,

**IT IS THEREFORE ORDERED** that defendant's Motion to Amend Pretrial Order (ECF No. 52) is hereby granted.

**IT IS FURTHER ORDERED** that an Amended Pretrial Order reflecting the amendments contained in this order be filed forthwith.

**IT IS SO ORDERED.**

Dated this 10th day of October, 2017, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge