# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JONATHAN KING AND
TYRECE EDWARDS,

        Plaintiffs,

v.

                                  Case No. 16-4142-DDC

THE RIB CRIB BBQ, INC.,

        Defendant.

_____

## MEMORANDUM AND ORDER

Pro se plaintiff[1] Jonathan King asks the court to reconsider issues that it already considered and decided more than a year ago, after receiving written submissions from the parties and conducting two in-person hearings. Again, the court denies the relief Mr. King seeks with his current filings.

Mr. King's current motions continue to ask the court to consider frivolous arguments for setting aside the Stipulation of Dismissal that the parties filed almost two years ago on December 14, 2017 (Doc. 73). As the court previously concluded, Mr. King's "assertions that defendant did not comply with its obligations under the parties' settlement agreements and that defendant

---

[1] Although the docket reflects that Mr. King is represented by counsel, Larry G. Michel, plaintiff filed the current motions pro se. Also, the court confirmed with Mr. King at an in-person hearing on September 27, 2018, that Mr. Michel no longer represents him in this matter. Because Mr. King proceeds pro se, the court construes his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers). But, under this standard, the court does not assume the role as Mr. King's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The court does not construct arguments for Mr. King or search the record on his behalf. *Id.*

fraudulently filed the Stipulation of Dismissal are utterly baseless." Doc. 102 at 14. Mr. King's new filings don't change that conclusion.

Mr. King has filed two motions: (1) a "Motion for Default Judg[ ]ment for Breach of Contract and Fraud" (Doc. 104), and (2) a "Motion for Hearing" (Doc. 105). Mr. King's Motion for Default Judgment asks the court to enter default judgment against defendant. The court denies the request for default judgment. Mr. King hasn't satisfied any of the procedural or substantive requirements for securing a default judgment under Federal Rule of Civil Procedure 55. Most notably, Mr. King can't establish that defendant has "failed to plead or otherwise defend" this lawsuit. Fed. R. Civ. P. 55(a).

Mr. King's motion also cites Fed. R. Civ. P. 60(b)(3). This Rule allows a court to "relieve a party . . . from a final judgment, order, or proceeding" based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). As discussed, the court already has considered Mr. King's allegations of fraud thoroughly. Doc. 102 at 4–11. And, the court has rejected them. *Id.* Mr. King's current motion provides no reason to set aside any of the court's conclusions.

Mr. King's motion also refers to "newly acquired evidence." Doc. 104 at 2. To the extent Mr. King asks the court to set aside the court's previous Order under Fed. R. Civ. P. 60(b)(2) based on newly discovered evidence, the court denies that request. Mr. King's motion simply rehashes the same arguments to support his baseless claim that his lawyer and defendant fraudulently filed the Stipulation of Dismissal. The only "new evidence" he asserts in his motion is a claim that, on August 15, 2019, he learned that his lawyer (Larry G. Michel) and defendant's lawyer (Peter S. Johnston) were members of the same fraternity. Doc. 104 at 2. But Mr. King never explains why this fact—assuming it's true—supports setting aside the Stipulation of

Dismissal.  It doesn't tend to show that Mr. Michel or defendant acted fraudulently or engaged in any other conduct that requires the court to set aside the court's previous Order or the parties' Stipulation of Dismissal.  The court thus denies Mr. King's Motion for Default Judgment (Doc. 104).  Also, the court denies Mr. King's Motion for Hearing (Doc. 105).  Mr. King provides no reason for the court to hold a hearing on his rehashed and frivolous arguments.

Previously, the court considered whether Mr. King, by asserting frivolous arguments, warranted sanctions.  *See* Doc. 102 at 12–14 (denying defendant's motion for sanctions but warning Mr. King that if he makes "other similar filings that contain unfounded allegations, the court will not view it in such a forgiving way").  Disregarding that warning, Mr. King again has filed a motion containing unfounded allegations.  The court finds that an award of sanctions is appropriate here—especially because the court previously warned Mr. King not to engage in this conduct in the future.  Nevertheless, the court, for now, elects not to sanction Mr. King.  **But the court warns Mr. King:  This case is closed.  Any future filings like the ones decided by this Order will result in monetary sanctions against him.**

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Jonathan King's "Motion for Default Judg[ ]ment for Breach of Contract and Fraud" (Doc. 104) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff Jonathan King's "Motion for Hearing" (Doc. 105) is denied.

**IT IS SO ORDERED.**

**Dated this 5th day of December, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
